**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Tarah Harris, | Case No. 2:24-cv-00129-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Martin O' Malley, | |
| Defendant. | |

*Pro se* plaintiff Tarah Harris seeks judicial review of an administrative decision denying her application for Social Security benefits. Harris has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

If appears Plaintiff requests a remand of this case on the basis of new evidence. As a result, Plaintiff must file a motion to remand based on new evidence within thirty days of the filing of this Order. The new evidence must be attached to the motion. A copy of the motion and evidence must be served on:

United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, NV 89101

3. If Plaintiff files a motion for remand on the basis of new evidence, then Defendant may file either (i) a notice of voluntary remand of the case, or (ii) points and authorities in opposition to Plaintiff's motion. Defendant's notice of voluntary remand or opposition must be filed within thirty days of service of the motion. If Defendant files points and authorities in opposition, Plaintiff has twenty days from the date of service of such points and authorities to file a reply.

4. Under 42 U.S.C. § 405(g), remand for reconsideration of new evidence will not be granted unless the evidence is new and material and there is a showing of good cause for failure

1    to incorporate the evidence into the record at an earlier stage. Therefore, if Plaintiff seeks remand
2    for consideration of new evidence, the motion must include a statement of reasons why the new
3    evidence was not incorporated into the record at an earlier stage.
4         5.    If Plaintiff does not file a motion for remand on the basis of new medical evidence,
5    the Plaintiff must, within thirty days of the filing of this Order, file a motion for reversal and/or
6    remand.
7         6.    If Plaintiff files a motion for reversal and/or remand, Plaintiff's motion must
8    include:
9             a.    A specification of each and every condition or ailment, or combination of
10   the two, that allegedly renders Plaintiff disabled and is supported by evidence contained in the
11   administrative record.
12            b.    A complete summary of all medical evidence in the record that supports
13   Plaintiff's claim of disability due to each condition or ailment with precise references to the
14   applicable portions of the record. The summary must not include medical evidence unrelated to
15   the conditions or ailments on which Plaintiff's claim or claims of disability are based.
16            c.    A complete summary of all other evidence adduced at the administrative
17   hearing that supports Plaintiff's claim with precise references to the applicable portions of the
18   record.
19            d.    A complete but concise statement as to why the record does not contain
20   substantial evidence to support the Administrative Law Judge's decision.
21        7.    If Defendant has not filed a notice of voluntary remand, within thirty days after
22   being served with Plaintiff's motion for reversal and/or remand, Defendant must file a cross-
23   motion to affirm, which will be considered an opposition to Plaintiff's motion. This motion must
24   include:
25            a.    A complete summary of all evidence in the record that Defendant contends
26   constitutes substantial evidence to support the administrative determination that Plaintiff is not
27   entitled to the benefits in question.
28

   b. A complete summary of all testimony adduced at the administrative hearing, including the Administrative Law Judge's findings, if any, concerning the credibility of witnesses, which Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not entitled to the benefits in question.

   c. A statement as to whether there are any inaccuracies in Plaintiff's summaries. If Defendant believes Plaintiff's summaries are inaccurate, Defendant must set forth what additions or corrections are required (with appropriate references to the record) to make the summaries accurate.

 8. The motions filed by Plaintiff and Defendant under paragraphs 6 and 7 of this Order, respectively, must also contain points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

 9. A party's failure to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the Commissioner of Social Security's decision.

DATED: January 22, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE