UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TARAH H.,[1] | Case No. 2:24-cv-00129-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| MARTIN O'MALLEY, | |
| Defendant. | |

    This case involves review of an administrative action by the Commissioner of Social Security denying Tarah H.'s application for disability benefits under Titles II and XVI of the Social Security Act. The Court reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 16) and the Commissioner's Cross-Motion to Affirm and Response (ECF No. 18). For the reasons discussed below, the Court denies Plaintiff's Motion and affirms the Commissioner's decision.

**I.  BACKGROUND**

    On August 24, 2020, Plaintiff filed for disability insurance benefits under Title II of the Social Security Act as well as supplemental security income under Title XVI, alleging an onset date of July 31, 2020. ECF No. 10-1 at 30.[2] Plaintiff's claim was denied initially and upon reconsideration. *Id.*

    A telephonic hearing was held before Administrative Law Judge ("ALJ") Kathleen Kadlec on August 5, 2022. *Id.* On December 29, 2022, ALJ Kadlec found that Plaintiff was not disabled. *Id.* at 51. Plaintiff appealed that decision to the Appeals Council, which denied her request on November 15, 2023. *Id.* at 7. Plaintiff then commenced this action for judicial review

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] ECF No. 10 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

under 42 U.S.C. § 405(g) on January 18, 2024. *See* ECF No. 1.

## II.  STANDARD OF REVIEW

Administrative decisions in Social Security disability-benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action. . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commisioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the Court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the court must defer to the

Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**A. Disability evaluation process and the ALJ decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the

ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy

within the last 15 years. The work also must have lasted long enough for the individual to learn the job and to have performed an SGA. If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

*Here*, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 31, 2020, the alleged onset date. ECF No. 10-1 at 33.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: history of vascular insult and carpal tunnel syndrome. *Id.* at 33–34.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 34–35.

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform medium work but with the following limitations:

> Lifting and carrying 50 pounds occasionally and 25 pounds frequently and pushing and pulling as much as he can lift and carry. He can stand for 6 hours, walks for 6 hours, and sit for 6 hours. He can operate hand controls frequently bilaterally. He can frequently handle, finger, and feel bilaterally. He can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds. He can frequently stoop, kneel, crouch, and crawl. He can never work at unprotected heights, and he can have no more than occasional exposure to

moving mechanical parts and no more than occasional motor vehicle operation. *Id.* at 35–48.

At step four, the ALJ found that Plaintiff could perform his PRW as a janitor. *Id.* at 48–50.

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in the national economy that Plaintiff could perform, namely as a hand packager, kitchen helper, and store laborer. *Id.* The ALJ then concluded that Plaintiff has not been under a disability from July 31, 2020, to the date of the decision. *Id.* at 50–51.

**III.   ANALYSIS**

Plaintiff asserts that the ALJ's decision should be changed because (1) he was recently diagnosed with neuropathy, and (2) his doctors have been negligent. ECF No. 16 at 2–3. The Commissioner responds that the proper course of action for Plaintiff, based on his new diagnosis, is to file a new application for social security disability benefits. ECF No. 18 at 4–5. The Commissioner also contends that the allegation that Plaintiff's doctors were negligent is not a basis for remand or reversal. *Id.* at 5.

Judicial review of an ALJ's decision must be based "upon the pleadings and transcript of the record." 42 U.S.C. § 405(g). Although the statute permits a reviewing court to remand a case to the ALJ and order the ALJ to take new evidence, it may do so only if the new evidence is material and if there is good cause for the failure to incorporate that evidence into the record at a prior proceeding. *Wainwright v. Sec'y of Health & Hum. Servs.*, 939 F.2d 680, 682–83 (9th Cir. 1991). To be material, the evidence must be relevant to the claimant's condition at the time of the hearing before the ALJ. *Id.* Nothing in the statute permits a reviewing court to consider evidence of the claimant's new or worsening condition after the ALJ's decision. *See* 42 U.S.C. § 405(g). If a claimant experiences worsening symptoms or the development of new symptoms after the date of the administrative hearing, the proper course is to file a new application for Social Security disability benefits. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001);

*Ward v. Schwieker*, 686 F.2d 762, 765–66 (9th Cir. 1982) (new medical evidence showing a deterioration of claimant's condition after decision was not material to the decision but "could form the basis for a new claim"). If the claimant can prove "a [new or worsening] disabling physical or mental impairment, he will be entitled to benefits as of the date of the new application." *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987).

Here, Plaintiff submits that he has recently been diagnosed with neuropathy. ECF No. 16 at 2. Because this is a new diagnosis that occurred after Plaintiff's hearing before ALJ Kadlec, it cannot serve as a basis for remanding the case for further proceedings or reversing the ALJ's decision. *See Wainwright*, 939 F.2d at 683. Plaintiff may file a new application for disability benefits based on his alleged worsening symptoms and development of new symptoms. *See e.g.*, *Osenbrock*, 240 F.3d at 1164 n.1.

Plaintiff's allegation that his doctors have been negligent also is not a proper basis for remand or reversal. The purpose of a Social Security appeal is not for the district court to judge Plaintiff's claims as if they were newly brought. Rather, it is to review the ALJ's decision for correctness. To prevail on appeal, Plaintiff must show that the ALJ erred in some legally significant way. Merely showing that the ALJ could have decided differently is not enough. Nor is it enough to show that Plaintiff's claims have merit or that Plaintiff is in some way "right." Instead, it is Plaintiff's burden to show, on the same record the ALJ considered, that the ALJ's decision is legally flawed. To preserve the Court's ability to undertake this analysis, it is essential that the Court consider precisely the same record the ALJ considered.

The only matters the Court can consider in this case are the matters that were before ALJ Kadlec when she issued her decision. This did not include whether Plaintiff's doctors were negligent, so this issue is not properly before this Court. Because there is no allegation that negligent doctors affected the ALJ's decision below, Plaintiff has failed to show harmful error in the denial of his Social Security claim.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand and/or Reversal (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in favor of the Commissioner and close this case.

DATED this 10th day of October 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE